SMITH, Presiding Justice,
for the Court:
The grand jury of Montgomery County indicted appellant, Bobby Wayne Black, for embezzlement, a felony, the indictment charging him with having embezzled certain property of “Bailey Ford and Mercury, a corporation” entrusted to him by that corporation.
Black was brought to trial upon that indictment. The State’s first witness was Wilton Bailey, Jr., president of Bailey Ford and Mercury, Incorporated. This witness testified that he and a partner had operated an automobile agency at Winona, and that he had bought out the partner and operated the agency individually as sole owner thereafter. It was developed from the testimony of this witness that appellant Black had been employed by him as parts manager during the time he had owned and operated the business individually. He said that in Black’s capacity as his parts manager, Black had been entrusted with the custody and control of the automobile parts alleged to have been embezzled. The witness testified that Black had resigned his employment with him and had gone into business for himself. Thereafter, on April 10,1978, Bailey Ford and Mercury was incorporated under the laws of the State of Mississippi, and a charter was issued to it on that date. At all times afterward, the agency was owned and operated by the corporation.
Black was never employed by Bailey Ford and Mercury, Inc., that entity not having been in existence at the time of the alleged embezzlement. Black never having been employed by Bailey Ford and Mercury, Inc. he was never entrusted with possession, custody or control of any of its property.
The above facts were established by the testimony of the State’s witness and a certified copy of the charter of incorporation of Bailey Ford and Mercury, Inc. These facts are undisputed. A demurrer, motion to quash, and motion to dismiss the indictment were filed on behalf of Black and sustained by the circuit court. The State has appealed from the action of the trial court in sustaining the motion to dismiss and dismissing the indictment.
It is argued on behalf of the State that Mississippi Code Annotated section 99-17-13 (1972) was sufficient authority to permit the amendment of the indictment where there is variance between the indictment and proof. No request to amend was made by the State.
*1332 In the case now before the Court, Black was indicted for embezzling property belonging to Bailey Ford and Mercury, a corporation, which, the indictment alleged, that entity had entrusted to his keeping. The grand jury did not indict Black for embezzling property belonging to Wilton Bailey, Jr. which the latter had placed under Black’s control.
Since Black was never indicted by the grand jury for embezzlement of property belonging to Bailey Ford and Mercury, Inc. entrusted to him by that corporation, an entity by whom he was never employed, he may not be convicted of that offense under proof that he had embezzled property belonging to Wilton Bailey, Jr., an individual, entrusted to him by virtue of his employment by that individual.
The action of the circuit court judge in dismissing the indictment must be affirmed. However, this in nowise affects such action, if any, as the grand jury may see fit to take, and consider justified by evidence, respecting an alleged embezzlement by Black of property belonging to Wilton Bailey, Jr.
AFFIRMED.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.